UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD SECORD, *et al.*,<br><br>Defendants. | Case No. 21-cv-11387<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO (1) DENY WITHOUT PREJUDICE THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT OR PARTIAL SUMMARY JUDGMENT (ECF NO. 24), (2) GRANT DEFENDANT BRIAN WILCOX'S REQUEST TO SET ASIDE DEFAULT (ECF No. 23), AND (3) DENY DEFENDANTS DONALD AND SHIRLEY SECORD'S REQUEST TO DISMISS THE CASE (ECF No. 26)**

I.    **Introduction**

The government moves for default judgment or partial summary judgment against pro se Defendants Donald Secord, Shirley Secord, Brian Wilcox, Trisha Wilcox, and Briana Wilcox. Brian Wilcox requests to set aside the clerk's entry of default against Trisha Wilcox, Briana Wilcox, and himself. And Donald and Shirley Secord request dismissal of the action. After reviewing the record, the Court **RECOMMENDS** that:

- the government's motion (ECF No. 24) be **DENIED WITHOUT PREJUDICE**;

- Brian Wilcox's request (ECF No. 23) be **GRANTED**; and

- Donald and Shirley Secord's request (ECF No. 26) be **DENIED**.

## II.   Background

The government sues for judgment on federal tax debts owed by spouses Donald and Shirley Secord, as well as a determination that real property transferred by Shirley Secord to the Wilcoxes is encumbered by the Secords' tax liens.  ECF No. 1, PageID.9-14.  The Secords' answers were due on July 14, 2021, and the Wilcoxes' were due on August 6, 2021.  ECF No. 5; ECF No. 6; ECF No. 12.

In August 2021, the government requested clerk's entries of default against the defendants for failure to answer or otherwise defend.  ECF Nos. 14, 18.  The clerk denied the request as to the Secords because they filed an affidavit in answer to the complaint on July 12, 2021.  ECF No. 9; ECF No. 20.  But the clerk entered a default against the Wilcoxes on August 12, 2021.  ECF No. 19.  They had filed an affidavit in answer to the complaint

on August 5, 2021, but the clerk did not docket it until August 13, 2021.
ECF No. 21.

The government now seeks default judgments under Federal Rule of
Civil Procedure 55(b)(2) based on the Secords' and Wilcoxes' alleged
failure to answer the complaint.  ECF No. 24.  The government also argues
that partial summary judgment should be entered on the merits.  *Id.*
Meanwhile, Brian Wilcox seeks to set aside the default for all the Wilcoxes,
and the Secords seek dismissal of the case, ECF No. 23; ECF No. 26.

### III.    Analysis

### A.

Rule 55(a) provides that when "a party against whom a judgment for
affirmative relief is sought has failed to plead or otherwise defend, . . . the
clerk must enter the party's default."  After default is entered, the district
court may, in its discretion, enter default judgment under Rule 55(b)(2).
*State Farm Bank, F.S.B. v. Sloan*, No. 11-cv-10385, 2011 WL 2144227, at
*2 (E.D. Mich. May 31, 2011); *In re Loeb*, No. 06-CV-13743-DT, 2006 WL
3104598, at *2 (E.D. Mich. Oct. 31, 2006).  Seven factors guide this
decision: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3)
the sufficiency of the complaint; 4) the amount of money at stake; 5)
possible disputed material facts; 6) whether the default was due to

excusable neglect; and 7) the preference for decisions on the merits."

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

A clerk's entry of default under Rule 55(a) is a prerequisite to an entry

of a default judgment under Rule 55(b).  *Heard v. Caruso*, 351 F. App'x 1,

15-16 (6th Cir. 2009); *In re Loeb*, 2006 WL 3104598, at *2.  Here, the clerk

denied entry of default as to the Secords because they filed an affidavit by

the deadline to answer.  The Court has discretion to direct entry of default

and grant a default judgment when appropriate.  *See Fed. Ins. Co. v.

Fairbotham*, No. 16-cv-11390, 2017 WL 4163643, at *2 (E.D. Mich. Sept.

20, 2017) (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687

F.2d 182, 185 (7th Cir. 1982)).

**B.**

The government argues that entry of default against the Secords is

proper because their affidavit fails to meet the pleading requirements of

Federal Rule of Civil Procedure Rule 8(b).  That rule provides that a party

responding to a pleading must "state in short and plain terms its defenses

to each claim asserted against it" and "admit or deny the allegations

asserted against it[.]"  Rule 8(b)(1); *Nationwide Prop. & Cas. Ins. Co. v.

Brown*, 260 F. Supp. 3d 864, 877 (E.D. Mich. 2017).  A denial "must fairly

respond to the substance of the allegation," and a failure to deny any

4

allegation unrelated to the amount of damages results in an admission.
Rule 8(b)(6).

The Secords' affidavit is deficient under Rule 8(b), as it fails to
substantively address each allegation made in the complaint.  But the
affidavit does dispute some allegations—for instance, the Secords dispute
whether their 2008 and 2009 tax filings were improper and whether Shirley
Secord's transfers of real property to the Wilcoxes were fraudulent
conveyances.  ECF No. 9, PageID.45-46.  Because the Secords are
proceeding pro se, their pleadings "are held to less stringent standards
than those prepared by attorneys, and are liberally construed."  *See Martin
v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404
U.S. 519, 520-21 (1972)).  The Court thus recommends that the Secords'
affidavit be liberally construed as an answer to the complaint and that
default judgment against the Secords be denied.  *See Ocwen Loan
Servicing, LLC v. Heiberg*, No. 4:17-CV-00690-ALM-CAN, 2020 WL
957640, at *4 (E.D. Tex. Feb. 4, 2020) (construing a response to a motion
for default judgment as an answer).

But when a litigant "chooses to represent himself, he should expect
no special treatment which prefers him over others who are represented by
attorneys."  *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

5

When, as here, a pro se litigant's answer is deficient, other courts have granted a chance to amend the pleadings. *See, e.g.*, *Vance v. Latimer*, 648 F. Supp. 2d 914, 930-31 (E.D. Mich. 2009); *Kwik-Sew Pattern Co., Inc. v. Gendron*, No. 1:08-CV-309, 2008 WL 4960160, at *1 (W.D. Mich. Nov. 19, 2008). The Court thus recommends that the Secords be ordered to file an amended answer complying with Rule 8(b) and responding to each allegation in the complaint. Failure to do so may lead to a noncompliant answer being stricken from the record and an entry of default.

For the clerk's entry of default against the Wilcoxes, the Court considers whether to set it aside or enter default judgment. A default may be set aside for good cause. Rule 55(c). "In determining whether good cause exists, the district court must consider: (1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (internal quotation marks omitted).

Brian Wilcox filed an affidavit on behalf of the Wilcoxes before the deadline to answer expired, but the clerk entered a default because of the delay in docketing the filing. Like the Secords' affidavit, Brian Wilcox's affidavit is deficient under Rule 8(b) because it fails to respond to each

6

allegation made in the complaint.  And Brian Wilcox's effort to represent

Trisha and Briana Wilcox is improper, as a pro se litigant may not represent

the interests of another person.  *See Thompson v. Mohammed*, No. 13-CV-

12388, 2013 WL 4747537, at *2 (E.D. Mich. Sept. 4, 2013) (citing

*Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)).  But the filing

does dispute some allegations made in the complaint, such as whether

whether Shirley Secord's property transfers to the Wilcoxes were fraudulent

conveyances.

Under these facts, good cause supports setting aside the default.

Applying the liberal construction given pro se filings, the Court recommends

that Brian Wilcox's affidavit be considered a timely answer.  And because

the affidavit disputes the nature of the property transfers, the Wilcoxes

might present meritorious defenses if given the chance to amend their

answers.  Finally, the short delay necessary to permit the Wilcoxes to file

amended answers will not prejudice the government, which waited about

ten years after assessing the debts to file a collection action.

But because Brian's affidavit is deficient as described above, the

Court recommends that the Wilcoxes be ordered to file amended answers

complying with Rule 8(b) and responding to each allegation set forth in the

complaint.  And Brian Wilcox may not represent Trisha and Briana Wilcox

in any answer—or in any other filing.  Failure to follow these parameters

may lead to a noncompliant answer being struck from the record and an

entry of default.

In sum, the Court recommends that the government's motion for

default judgment against the Secords and Wilcoxes be denied without

prejudice and that Brian Wilcox's request to set aside the default as to the

Wilcoxes be granted.

### C.

The government alternatively seeks partial summary judgment.  "The

Court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Rule 56(a).  The Court's function at the

summary judgment stage "is not to weigh the evidence and determine the

truth of the matter but to determine whether there is a genuine issue for

trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of

informing the Court of the basis for its motion and must specify the portions

of the record that show the absence of a genuine dispute as to any material

fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant

satisfies this burden, the burden shifts to the non-moving party to go

beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The government filed this collection action under 26 U.S.C. § 7403(a), which authorizes federal courts to "determine the merits of all claims to and liens upon [a taxpayer's] property."  Nonpayment of a federal tax debt creates a lien in favor of the government that attaches to "all property and rights to property, whether real or personal, belonging to" the taxpayer.  26 U.S.C. § 6321; 26 C.F.R. § 301.6321-1.  The lien arises when the assessment is made and continues until the debt is satisfied or becomes unenforceable.  26 U.S.C. § 6322.

A lien that attaches to property continues to encumber that property even after it is sold, subject to limited exceptions under 26 U.S.C. § 6323. *United States v. Harold*, 847 F. App'x 296, 299 (6th Cir. 2021).  Relevant here, a lien is not "valid as against any purchaser" until notice of the lien is filed.  26 U.S.C. § 6323(a); *Trust v. United States*, 77 F.3d 483 (Table) (6th Cir. 1996).  "Purchaser" is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest . . . in property[.]"  26 U.S.C. § 6323(h)(6).

9

The government has submitted certificates of assessment and
account transcripts showing that the Secords owe federal income taxes
and penalties for 2008 and 2009.  First, the Secords owe taxes of
$386,198.11 for 2008.  ECF No. 24-9, PageID.219; ECF No. 24-10,
PageID.222.  This tax debt was assessed in June 2011, and a notice of
federal tax lien (NFTL) was filed in September 2011.  ECF No. 24-9,
PageID.204; ECF No. 24-10, PageID.223; ECF No. 24-19, PageID.261.
Second, Donald Secord owes frivolous return civil penalties of $6,614.42
for 2008 and $14,303.66 for 2009.  ECF No. 24-11, PageID.232; ECF No.
24-12, PageID.237; ECF No. 24-13, PageID.241; ECF No. 24-14,
PageID.244.  Third, Shirley Secord owes frivolous return civil penalties of
$7,210.46 for 2008 and $14,303.66 for 2009.  ECF No. 24-15, PageID.248;
ECF No. 24-16, PageID.253; ECF No. 24-17, PageID.257; ECF No. 24-18,
PageID.259.  Shirley Secord's penalties for 2008 and 2009 were assessed
in October 2011 and an NFTL was filed in May 2012.  ECF No. 24-15, at
PageID.248; ECF No. 24-16, PageID.253; ECF No. 24-20, PageID.262.

The government also submits property deeds showing that four
parcels of land are encumbered by the Secords' tax debts.  The Court
addresses each parcel in turn.  First, the Secords acquired ownership, as
tenants in the entirety, of 7347 Willis Road in December 1973.  ECF No.

24-25, PageID.267.  According to the government, the Secords currently own this property—which they list as their mailing address for service purposes.  Thus, the government asserts that this property is encumbered by liens securing the Secords' tax debts under § 6321.

Second, Shirley Secord and Brian Wilcox acquired ownership, as joint tenants, of 7653 Willis Road in February 1996.  ECF No. 24-26, PageID.268.  In December 2014, Shirley Secord transferred to Brian Wilcox her interest in this and another property "[f]or the consideration of less than $100.00."  ECF No. 24-31, PageID.276-277.  But at the time, Shirley Secord's interest in 7653 Willis Road was already encumbered by tax liens—for which NFTLs had been filed—securing her 2008 tax debt and her 2008 and 2009 tax penalties.  Thus, the government argues that the property is subject to those tax liens under § 6323(a) (providing that a federal tax lien is not valid against a purchaser *until notice of the lien is filed*).[1]

---

[1] "An NFTL remains effective for ten years after the initial tax assessment, at which point the Government must refile the NFTL."  *United States v. Holland*, No. 13-10082, 2020 WL 6701912, at *7 (E.D. Mich.  Nov. 13, 2020) (citing 26 U.S.C. § 6323(g)(3); 26 C.F.R. § 301.6323(g)-1(c)).  Here, the refiling deadlines for the NFTLs expired in July and November 2021.  ECF No. 24-19, PageID.261; ECF No. 24-20, PageID.262.  But the NFTLs remain valid because the government filed this action before the refiling deadline expired.  *See Hoyle v. Comm'r of Internal Revenue*, 136 T.C. 163, 473 (2011) (citing 26 C.F.R. § 301.6323(g)-1(a)(3)(i)) ("[F]ailure to refile the

11

Third, in November 2010, Shirley Secord acquired 4334 Van Dyke Road for $81,250.00.  ECF No. 24-27, PageID.269-271; ECF No. 24-28, PageID.272-273.  In June 2011, Shirley Secord transferred this property to the Wilcoxes "for full consideration of an amount less than" $100.00.  ECF No. 24-30, PageID.275.  The government argues that the property remains subject to the tax liens because the Wilcoxes do not qualify as "purchasers" protected under 26 U.S.C. § 6323(a) since they did not acquire the property "for adequate and full consideration."  *See* § 6323(h)(6).  Alternatively, the government asserts that the transfer of this property is voidable as a fraudulent conveyance under Michigan law because it was made without receiving reasonably equivalent consideration.  *See* Mich. Comp. Laws §§ 566.34, 566.35.

Fourth, Shirley Secord owned 6535 Barnes Road, though the evidence does not establish when she acquired that property.  In December 2014, Shirley Secord transferred the property, along with 7653 Willis Road, to Brian Wilcox "[f]or the consideration of less than $100.00."  ECF No. 24-31, PageID.276-277.  At the time, Shirley Secord's interest in 6535 Barnes Road was already encumbered by tax liens—for which NFTLs

NFTL during the refiling period will not affect the effectiveness of the NFTL with respect to property that is the subject matter of a suit filed before the expiration of the refiling period to which the Government is a party.").

had been filed—securing her 2008 tax debt and her 2008 and 2009 tax penalties.  Thus, the government asserts that the property is subject to those tax liens under § 6323(a) (providing that a federal tax lien is not valid against a purchaser *until notice of the lien is filed*).

The government has met its burden of supporting its claims with evidence that, together, the Secords owe taxes and penalties totaling $428,630.31 and that the liens securing these debts have attached to the four properties discussed above.  The burden of production then shifted to the Secords and Wilcoxes.  *See Celotex*, 477 U.S. at 324.  They have not met this burden, as they have not rebutted the government's legal arguments or come forward with evidence establishing a genuine issue for trial.

Still, in their affidavits, the Secords and Wilcoxes dispute the validity of the tax debts claimed by the government and whether Shirley Secord's transfers of real property to the Wilcoxes were fraudulent conveyances. And because the pro se defendants have had no opportunity for discovery or to correct their procedural errors, summary judgment should be denied without prejudice.  *See, e.g.*, *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("[T]he grant of summary judgment, absent *any* opportunity for discovery, is . . . a misuse [of Rule 56].");  *Berndt*

*v. Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986) (reversing a dismissal to afford the plaintiff an opportunity to amend his complaint to name different defendants); *Vance*, 648 F. Supp. 2d at 931 (noting that the court would ordinarily permit a pro se litigant a chance to amend a response that raised a potentially viable defense but that cited no evidence or legal authority).

Should the government file another motion for summary judgment, the Secords and Wilcoxes must file responses that comply with Rule 56(c). Failure to do so will cause the Court to consider the facts and assertions made by the government undisputed for deciding the motion. *See* Rule 56(e)(2).

## E.

Finally, the Court considers the Secords' request to dismiss the action based on the government's alleged failure to respond to a counterclaim or to "state any findings of facts or conclusions of law in this matter," as well as a "lack of progress." ECF No. 26. This request lacks merit because the Secords have filed no counterclaim. Nor has the government neglected to file findings of facts and conclusions of law, or otherwise failed to diligently prosecute its case. The Court recommends that the Secords' request to dismiss be denied.

## IV.    Conclusion

The Court **RECOMMENDS** that:

- the government's motion (ECF No. 24) be **DENIED WITHOUT PREJUDICE**;

- Brian Wilcox's request (ECF No. 23) be **GRANTED**; and

- Donald and Shirley Secord's request (ECF No. 26) be **DENIED**.


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 30, 2022


## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2022.

s/Karri Sandusky on behalf of
MARLENA WILLIAMS
Case Manager