UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>DONALD SECORD, *et al.*,<br><br>                     Defendants. | Case No. 21-cv-11387<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO STRIKE DEFENDANTS' ANSWERS (ECF NOS. 9, 21, 34) AND TO ENTER DEFAULT AND DEFAULT JUDGMENT**

## I.   Introduction

The government brings this federal tax debt collection action against pro se Defendants Donald Secord, Shirley Secord, Brian Wilcox, Trisha Wilcox, and Briana Wilcox. The Honorable Nancy G. Edmunds referred the matter to the undersigned for all pretrial proceedings. ECF No. 22. Because defendants have not filed answers that comply with Federal Rule of Civil Procedure 8(b), the Court **RECOMMENDS** that defendants' noncompliant answers be **STRUCK** (ECF No. 9; ECF No. 21; ECF No. 34),

and that **DEFAULT** and **DEFAULT JUDGMENT** be entered against defendants.[1]

## II. Background

In March 2022, the Court recommended that the government's motion for default judgment be denied. ECF No. 30. The Court found defendants' answers deficient under Rule 8(b) but recommended allowing defendants to file amended answers. *Id.* at PageID.301-304. Brian Wilcox was also instructed that he could not represent Trisha and Briana Wilcox in future filings. *Id.* at PageID.303-304. The parties were warned that the Court would strike any noncompliant amended answer and would enter a default and default judgment. *Id.* at PageID.302, 304; ECF No. 31. Judge Edmunds agreed with the recommendation and ordered defendants to file amended answers by May 23, 2022. ECF No. 31; ECF No. 33.

Donald and Shirley Secord filed no amended answers, and Brian Wilcox filed an amended answer representing Trisha and Briana Wilcox. ECF No. 34. Because the Secords failed to respond and Brian Wilcox's amended answer is deficient, the Court recommends striking defendants' answers and entering default and default judgment against defendants.

---

[1] The Lapeer County Treasurer and First Credit Funding are also named as defendants, but the term "defendants" as used in this report and recommendation refers only to the Secords and Wilcoxes.

### III. Analysis

#### A.

Federal Rule of Civil Procedure 55(a) provides that when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." After default is entered, the district court may, in its discretion, enter default judgment under Rule 55(b)(2). *State Farm Bank, F.S.B. v. Sloan*, No. 11-cv-10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); *In re Loeb*, No. 06-CV-13743-DT, 2006 WL 3104598, at *2 (E.D. Mich. Oct. 31, 2006). Seven factors guide this decision: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

A clerk's entry of default under Rule 55(a) is generally a prerequisite to an entry of a default judgment under Rule 55(b). *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009); *In re Loeb*, 2006 WL 3104598, at *2. But the Court may direct entry of default and grant a default judgment. *See Fed. Ins. Co. v. Fairbotham*, No. 16-cv-11390, 2017 WL 4163643, at *2

3

(E.D. Mich. Sept. 20, 2017) (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)).

**B.**

Rule 8(b) provides that a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it[.]"  Rule 8(b)(1); *Nationwide Prop. & Cas. Ins. Co. v. Brown*, 260 F. Supp. 3d 864, 877 (E.D. Mich. 2017).  A denial "must fairly respond to the substance of the allegation," and a failure to deny any allegation unrelated to the amount of damages equates to an admission.  Rule 8(b)(6).

The Court already determined that defendants' original answers were deficient under Rule 8(b) because they failed to substantively address each of the government's allegations.  ECF No. 30, PageID.301-304.  Thus, these answers must be struck.  ECF No. 9; ECF No. 21.  But defendants were allowed to file amended answers but warned that noncompliant answers would be stuck.  *Id.*  The Secords filed no amended answers or other response to defend themselves.

The Wilcoxes' amended answer is again deficient and should be struck.  *See* ECF No. 34.  Despite the Court's instruction, Brian Wilcox represents Trisha and Briana Wilcox in the amended answer.  ECF No. 34,

4

PageID.372-373.  As the Court noted in the last R&R, a pro se litigant may not represent the interests of another person.  *See Thompson v. Mohammed*, No. 13-CV-12388, 2013 WL 4747537, at *2 (E.D. Mich. Sept. 4, 2013) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)).

Nor does the amended answer substantively respond to each allegation asserted against the Wilcoxes.  For example, the government alleges that in June 2011, Shirley Secord conveyed real property located on Van Dyke Road to the Wilcoxes for consideration of less than $100, and that the government filed nominee tax liens against the Wilcoxes securing the tax liabilities.  ECF No. 1, PageID.5, 8.  Brian Wilcox does not address these allegations in the amended answer.  Rather, he asserts that Shirley Secord's property transfers were not fraudulent and attaches 40 pages of exhibits purportedly showing that he claimed rental income from the properties on his taxes, that he paid the property taxes, and that the property transfers were recorded with the register of deeds.  ECF No. 34, PageID.330-371.  And Trisha and Briana Wilcox assert in signed statements that they did not know about the property transfers and know nothing about the case.  *Id.* at PageID.372-373.  These responses do not satisfy Rule 8(b).

5

Because the Secords and Wilcoxes failed to respond or defend the case, default should be entered against them.  And the seven factors set forth in *Russell* support entry of default judgment.  See 34 F. App'x at 198. As to the first factor, not entering default judgment would prejudice the government, which has made reasonable efforts to litigate its claims and involve defendants in the judicial process.  See *Marelli Auto. Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, No. 20-10331, 2021 WL 5121273, at *2 (E.D. Mich. Nov. 4, 2021).  Although the case has been pending for the past year, defendants have not filed answers that comply with the procedural rules.  See *Toler v. Global College of Nat. Med., Inc.*, No. 13-10433, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016) (finding a class of plaintiffs were prejudiced after waiting three years for relief because defendants prolonged the litigation by failing to respond to filings).

Factors two through six also favor entering default judgment.  As the Court explained in its earlier report, the government has pleaded and supported its claims with evidence that the Secords owe taxes and penalties and that the liens securing these debts have attached to four properties in which the Wilcoxes may claim ownership interests.  ECF No. 30, PageID.305-309.  Thus, the complaint is well pleaded, and the government is likely to prevail on the merits.  Defendants fail to dispute

material facts by adequately responding to the government's allegations.[2] This failure to adequately respond or defend is not due to excusable neglect since defendants had a chance to amend their pleadings and were warned that noncompliant answers may lead to entry of default and default judgment. See Whitaker v. Jreisat, No. SACV 21-00161-CJC(DFMx), 2021 WL 4352904, at *3 (C.D. Cal. July 14, 2021). And while the damages sought are not insubstantial, they are not great enough to favor a full trial on the merits.

Last, while courts favor resolving cases on the merits, defendants have failed to participate in a manner compliant with procedural rules and court orders. And "[e]ffective judicial administration requires that at some point disputes be treated as finally and definitively resolved." 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2693 (3d ed. 2022). Thus, default judgment is appropriate.

---

[2] In their original answer, the Secords disputed in conclusory terms the validity of the tax debts and whether the property transfers were fraudulent. ECF No. 9, PageID.45-46. For example, they insisted that their tax filings were not frivolous but made no factual allegations supporting that claim. Id. Brian Wilcox also asserts in conclusory terms that the property transfers were not fraudulent. ECF No. 34, PageID.330. Although he says he paid property tax, claimed rental income on his taxes, and recorded the transfers, he does not address the government's allegation that the consideration was not reasonably equivalent to the value of the properties. Id.; ECF No. 1, PageID.12-13.

## C.

Rule 55(b)(2)(B) permits courts to conduct a hearing to determine the amount of damages. But evidentiary hearings are unnecessary "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Mexico Bus. Contacts, S.C. v. Alken-Ziegler, Inc.*, No. 12-13529, 2012 WL 5379151, at *2 (E.D. Mich. Oct. 11, 2012) (internal quotation marks and citations omitted). Damages may include attorney's fees and costs. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 853-54 (E.D. Mich. 2006). Declaratory relief may also be granted through a default judgment if the allegations establish the plaintiff's right to relief. *Allstate Ins. Co. v. Saph*, No. 13-13112, 2014 WL 3900607, at *2 (E.D. Mich. Aug. 11, 2014) (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 850 (9th Cir. 1992)).

Here, the government has provided sufficient evidence to support the damages requested. As described in the last R&R, the government submitted certificates of assessment, account transcripts, and notices of federal tax liens showing that the Secords owe federal income taxes and penalties for 2008 and 2009. ECF No. 30, PageID.306. Those documents establish that the Secords owe income taxes of $386,198.11 for 2008; that

Donald Secord owes frivolous return penalties totaling $20,918.08; and that Shirley Secord owes frivolous return penalties totaling $21,514.12. *Id.*

The government is entitled to collect pre- and post-judgment interest at the rates set forth under 26 U.S.C. § 6621. 26 U.S.C. § 6601(a); *see also* 28 U.S.C. § 1961(c). And instead of attorney's fees, the government is entitled to a surcharge of ten percent of the amount of the Secords' tax debts recovered in this action "to cover the cost of processing and handling the litigation." 28 U.S.C. § 3011(a); *United States v. Willis*, No. 1:13CV1127, 2014 WL 2114664, at *3 (N.D. Ohio May 20, 2014). Because the government has not provided its calculation of the interest and surcharge amount, the judgment cannot now be reduced to a definite figure. Thus, the Court recommends entering default judgment against the Secords and instructing the government to submit a bill of costs itemizing its damages.

The government has also established that four parcels of real property are subject to the Secords' tax liens. *See* ECF No. 30, PageID.306-309. The Court recommends entering default judgment declaring that:

    (1) 7347 Willis Road, Brown City, Michigan, is subject to tax liens securing the Secords' 2008 federal income tax liability and their frivolous return civil penalties for their 2008 and 2009 federal income tax returns;

    (2) Shirley Secord's interest in 7653 Willis Road, Brown City, Michigan, is subject to tax liens securing her 2008 federal income tax liability and her frivolous return civil penalties assessed for her 2008 and 2009 federal income tax returns;

    (3) 4334 Van Dyke Road, Brown City, Michigan, is subject to tax liens securing Shirley Secord's 2008 federal income tax liability and her frivolous return civil penalties assessed for her 2008 and 2009 federal income tax returns; and

    (4) 6535 Barnes Road, Marlette, Michigan, is subject to tax liens securing Shirley Secord's 2008 federal income tax liability and her frivolous return civil penalties assessed for her 2008 and 2009 federal income tax returns.

See id.

## IV.   Conclusion

The Court **RECOMMENDS** that defendants' answers and amended answers be **STRUCK** (ECF No. 9; ECF No. 21; ECF No. 34), and that **DEFAULT** and **DEFAULT JUDGMENT** be entered against defendants.

The government should be instructed to submit a bill of costs itemizing its damages.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: June 21, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2022.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager